UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TAYLOR,<br><br>   Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | No. 13 C 5183<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

A jury convicted Petitioner Michael Taylor of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in 2011. Judge Der-Yeghiayan sentenced him to 480 months' imprisonment. A lengthy direct appeal and postconviction procedural history followed. Most recently, this Court denied Taylor's second petition for relief under 28 U.S.C. § 2255 on April 4, 2019. R. 29. Now, Taylor files a letter dated March 8, 2022, seeking reconsideration of the denial of his § 2255 petition. R. 33. For the following reasons, Taylor's motion for reconsideration is denied.

## BACKGROUND

In its April 4, 2019 memorandum opinion denying Taylor's § 2255 petition, this Court recounted a detailed history of Taylor's criminal case and the successive post-conviction procedural history up to that point. *See* R. 29 at 2-9. Rather than repeat it, the Court refers to it. In his § 2255 petition before this Court, Taylor asserted his actual innocence based on a July 2017 interview of Daniel Starks, a witness who testified against Taylor at his trial. *Id.* at 9. In his interview, Starks supposedly

recanted his trial testimony and stated that he "l[ied] about Michael Taylor," that he "originally lied on the stand as a government witness against [Taylor] because the police offered him a lesser sentence and money," that he "was pressured by an Officer Jake as he remembers," and that "he would testify on [Taylor's] behalf." *Id.* The Court ultimately concluded that Taylor's claim was untimely and noted that Starks's supposed recantation left "the Court with significantly more questions than answers." *Id.* at 12-17. On his claim of actual innocence, the Court found that "Taylor ha[d] not shown that no reasonable jury would have convicted him absent Starks's allegedly perjured testimony." *Id.* at 17. The Court declined to issue a certificate of appealability and entered final judgment that same day. R. 30.

More than a year later, Taylor sent a letter dated June 7, 2020 to the Court, stating that he had just learned of the April 2019 decision denying his § 2255 petition. R. 31. He noted that he was looking for "guidance and some sense of direction," and that he had obtained statements from various individuals that he had previously been unable to obtain by hiring a private investigator, but he did not attach them to his letter. *Id.* On December 1, 2020, Taylor filed a petition to the Seventh Circuit seeking leave to file a successive § 2255 petition. *See* R. 1, No. 20-3317 (7th Cir.). He again asserted he had not heard of this Court's decision on his § 2255 petition until over a year later and that he was actually innocent based on the recantation of Starks. *Id.* The Seventh Circuit denied his petition because this Court had already considered the Starks statement and it was thus not "newly discovered" proof of innocence, and

2

because it did not "establish by clear and convincing evidence that no reasonable fact finder would have found [Taylor] guilty of the offense . . . ." R. 32.

Taylor now asks this Court, *pro se*, to reconsider its April 2019 decision, again noting that he did not find out about it until over a year later. R. 33. He again relies upon Starks's recantation of his trial testimony and requests an evidentiary hearing at which the Court could question Starks directly. He claims that, without Starks, all the evidence was "circumstantial" and that "nothing or no one links any specific weapon to me," specifically, the Beretta 9mm Taylor was charged with possessing in his criminal case. *Id.* at 1-2. Finally, Taylor attaches a purported notarized statement from his cousin, Khiry Taylor, dated August 5, 2012, which he states was never submitted by his previous attorneys. *Id.* at 3. In this statement, Khiry alleges that she was a witness to a shooting on November 29, 2009 for which Taylor and Starks were present. She implies that Starks was the shooter. *Id.* She states that "[t]he gun Danny (Starks) said that Michael (Taylor) had, I have never seen Michael (Taylor) with but for certain I have seen Danny (Starks) with it." *Id.*

## DISCUSSION

Under Fed. R. Civ. P. 60(b), the Court may reopen judgment in certain enumerated circumstances, including "mistake, . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and "any other reason that justifies relief." *See Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (allowing a petitioner to seek relief on entry of judgment under Rule 60(b)(1) for his § 2255 petition where the judge made

3

an error of law). For instances of mistake and newly discovered evidence, a motion to reopen judgment must be made within a year. Fed. R. Civ. P. 60(c)(1). There is no such time limitation on the catch-all provision contained in 60(b)(6), but the movant must "show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

Taylor's motion for reconsideration must be denied because judgment has been entered and there is no justifiable reason to reopen judgment. Final judgment was entered on April 4, 2019, the same day the Court denied Taylor's § 2255 petition. Taylor filed his letter seeking reconsideration on March 8, 2022, nearly three years after entry of final judgment. Even bearing in mind that Taylor apparently did not learn of the final judgment until June 2020, he still waited another 21 months to seek reconsideration. That is well over the one-year deadline in Rule 60(c)(1). He thus cannot ask the Court to reopen final judgment in this case due to mistake or newly discovered evidence. He must "show extraordinary circumstances" under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 534.

Taylor merely argues, without explanation, that there was not enough evidence outside of Starks's testimony to convict him and that the Court should have granted him an evidentiary hearing. However, this Court's opinion denying Taylor's § 2255 petition laid out reasons why a reasonable juror could have found him guilty absent Starks's testimony. R. 29 at 17-18. For example, the jury could have relied entirely on physical evidence (such as gunshot residue on his hand) and the testimony of multiple police officers and forensic experts in reaching its decision to convict

Taylor. Indeed, the jury was made aware of the supposed incredibility of Starks's testimony during trial due to his alcohol and drug use, involvement in the events, grant of immunity, and inconsistent statements. Accordingly, the Court found that an evidentiary hearing on Starks's recantation was unnecessary. *Id.* at 27. Taylor has presented no extraordinary reason to reopen judgment and reconsider that ruling now.

Khiry's statement also does not justify reopening judgment. It is not newly discovered evidence of innocence—she wrote it a decade ago, and Taylor's attorneys apparently made a strategic decision not to use it. Taylor has never raised it with this Court despite seemingly being aware of it. Even so, it does not undermine the evidence that led to Taylor's conviction. Taking Khiry's statement as true, it only establishes that Khiry witnessed Starks possess and shoot a 9mm on November 29, 2009,[1] and that she never saw Taylor with the firearm he was charged with possessing but had seen Starks possess it. This does not establish that Taylor was not in possession of the firearm during the shootings on December 1, 2009, as described in this Court's opinion denying the petition.

## CONCLUSION

For the foregoing reasons, Taylor's motion for reconsideration (R. 33) is denied.

---

[1] At trial, the Government proved that this shooting occurred on November 28, 2009. *See* R. 29 at 2.

5

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: December 27, 2022